The court will proceed to the next case, Nielen-Thomas v. Concorde Investment. Mr. Shulman. May it please the court. Good morning, my name is Michael Shulman. I'm proud to be here to represent Susan Nielen-Thomas in her attempt to bring a class action based on state law on behalf of investors who were defrauded by their investment advisor in the state of Wisconsin who was a dual registrant of two of the defendants' appellees and was supervised by the other defendants. The district court erred in its conclusion, and I'll refer to the sections of defining covered class as I'll say subsection 1 and subsection 2 because it's a long series of numbers that SLUSA uses in this definitional section. But in subsection 1, the court found that subsection 1 did not apply here, that the 50 person threshold did not apply even though the class claim was alleged to be under 50 because that section only should have referred to named parties. Now that first error was clear. That section, subsection 1, does not contain the word named parties. It refers to persons, a single lawsuit, and a threshold of 50 persons upon whose representation damages are sought irrespective of specific claims of reliance where class claims of law and fact predominate. The court instead went to subsection 2, which basically uses very standard language from class claims, and said that's really what applies here and therefore there is no threshold of 50 or more and therefore you fall squarely within subsection 2, the matter should be dismissed. It had already been removed from state court and Judge Peterson refused to remand it back to the state court. So that's a fundamental error that the court made. First, it imposed a term named persons on a statute where it wasn't present. And also, in doing so, really made subsection 1 superfluous. All class actions would fit into subsection 2. So Congress obviously was stuttering, basically, under Judge Peterson's analysis. Let me ask you about that, Mr. Shulman. Another way to look at this is to say, rather than Congress was stuttering, it was using the belt and suspenders. And that if you've got a class action with more than 50 prospective class members, that would fall within both 1 and 2. If it's not a class action but you've got more than 50, we remember the history of CAFA and the PSLRA and the various attempts to try to shut down these sorts of lawsuits or restrict them. But you've got a Venn diagram where there's some overlap between 1 and 2, but you don't make it superfluous. Well, I do think you would make it superfluous, Your Honor, because here where we have less than 50, and I don't think there's any dispute about that, and in fact, we also know in this case it wasn't in the complaint. But we also know who these people are. We have their names. We did not put them in the complaint. That was not an element of the pleading that we thought was necessary. But we do have their names. We know who these folks are. Well, that isn't the right answer to simply bring the action in state court on behalf of 48 named people. Wouldn't that avoid all of these? It would have, Your Honor. It would have, and actually that's the alternate relief we're asking. Unfortunately, Judge Peterson dismissed the case with prejudice, and so we aren't free to refile this in state court with 48 or certainly less than 50 named persons. We can do that, and if Judge Peterson, if this court would remand with directions to dismiss without prejudice, we would be able to do that. I would like to add, however, that not only is it, I don't believe, logical to read into subsection 1 named persons where the word is not there. I do think it, in fact, makes subsection 1 superfluous, but we have the Supreme Court in three consecutive opinions, the most recent being the Scion case, where Justice Kagan, for a unanimous court, three times in her opinion, refers to the definition of a covered class as a single lawsuit seeking damages on behalf of 50 persons. This was started out in Dabit in 2006 with Justice Stevens, and when Justice Stevens referred to that class, he actually had a footnote, footnote number 8, and in that footnote, he had the complete section of covered class definitions, yet he referred to the 50 as the important threshold. That was repeated by Justice Souter, again for a unanimous Supreme Court, in the Kircher case, and most recently, this year, excuse me, 2018, Justice Kagan, for a unanimous court, again referred to it three times as the definition of what a covered class is, that is a single lawsuit brought on behalf of 50 persons. Now, I understand that the argument that Judge Peterson thought and adopted, and certainly what the appellees are arguing, is this is simply dicta, and not something for any of the courts to take seriously, but we know that's not true. First of all, Supreme Court supposedly dicta can't be brushed aside by this court or any of the lower courts, and in fact, this court, in the Holtz case, Judge Easterbrook spent two or three sentences reiterating and reaffirming that a covered class action is a single lawsuit brought on behalf of 50 or more persons. So, we have this language repeated by the Supreme Court, repeated by this court, which certainly suggests that it makes sense that this is an independent basis, and that if you are under the 50 person, Judge Easterbrook, in the Holtz case, I won't take my time to read that to you, but in the Holtz case, basically said, if, in fact, the plaintiff had sued on behalf of less than 50 persons, her contract claim and her fiduciary duty claim could have gone forward as a class action under state law. So, I think if the court doesn't agree, and I think the court should agree, of course, that this group of Wisconsin investors suing essentially their investment advisor and broker-dealers, that case should certainly proceed in Wisconsin, under Wisconsin state law. And if not... Counsel, is there anybody other than Ms. Neelan Thomas who's prepared to go forward? I don't know if they're prepared to go forward as class representatives. Not as a class, but at this point, you've got a judgment against Neelan Thomas. That's correct. And nobody else. That's correct. That is correct. So, even if we affirm, presumably, the other 48, or however many there are, could go forward. Presumably, Your Honor. But, again, in a class form, you would have to find another representative, and then you would have a notification period. No, if you do it as a class action, you're going to be thrown out again. If you do it as individual, if you do it as just collected claims, multiple plaintiffs, the statute doesn't apply. Now, does that seem arbitrary? Well, maybe, but that's the limit of 50. Your Honor, the appellees conceded, page 23 of their brief, that had we named the plaintiff, the members of the class, even as a class and even making claims for misrepresentations and omissions of a covered security, we would have been able to proceed. And Judge Peterson makes the same argument. So, it's not just, in fact, that we can't proceed as a class. Both the lower court and the appellees agree we could proceed as a class. So, your answer to the judge's question is yes? Yes. Thank you. Thank you. Thank you, Mr. Shulman. Ms. Glor. Good morning. May it please the court, counsel. My name is Dana Glor. I represent Appellee TD Ameritrade, and I'm arguing on behalf of all appellees this morning. Let me begin by correcting a mistake that counsel made just a moment ago. Appellees do not take the position or concede that if the class, if the case were brought as a class on behalf of 50 or fewer named class plaintiffs, it could proceed. In fact, we take the position that Judge Hamilton stated a moment ago, which is if it is framed as a class action, it is barred by the Securities Litigation Uniform Standards Act of 1998. So, what does this gain you then? You just face another lawsuit with everybody except, perhaps, Neal and Thomas in the state court. In fact, all of the individual claims are arbitrable against the broker-dealer defendants. So, that would be Concord, Fortune, and TD Ameritrade. And I think it's also notable that Ms. Neal and Thomas does not allege for herself that she was referred to this investment advisor by Wisconsin River Bank. So, Ms. Neal and Thomas individually has no claim against Wisconsin River Bank. The only way that she even made an allegation here was on a representative basis on behalf of a putative class. There is no other individual who has ever been identified, and frankly, the first time we've ever heard that appellant has, supposedly has names of other individuals who potentially could be in a position to proceed is this morning in this court. But your claim is it's covered by arbitration though? As against the broker-dealer defendants, yes, Your Honor. So, the way that the arbitration provision works in brokerage account agreements is that all claims must be arbitrated before the financial industry regulatory authority other than class actions, which I presume is why plaintiff brought this case as a class action, to evade the arbitration agreement. But having done so, she walked right into the teeth of the Securities Litigation Uniform Standards Act. It is true that the first type of covered class action doesn't use the word named, saying 50 or more named parties. I do not think the court has to reach the interpretation of that aspect of the litigation act because it's absolutely clear that this particular case falls within the second category of covered class actions. It's a class action. But if the court were inclined to reach that point, logically it makes sense that you would have to name fewer than 50 persons in order to avoid the act. If there are more than 50 named parties, named plaintiffs, we know that the case, the lawsuit, is barred by the Securities Litigation Uniform Standards Act. If it's framed as a class action, we know that it is barred. It is only if fewer than 50 people are actually named, however, that we can know that it is not barred. And if we look at the allegation at issue here, you can see exactly why. Plaintiff alleges at paragraph 91 of her class action complaint that, quote, while the exact number of putative class members cannot be determined yet, upon information and belief, the putative class consists of at least 35 but no more than 49 members. That was her allegation. This is exactly the kind of artful pleading that this court has held on multiple occasions and the Supreme Court has held on multiple occasions, is unavailing. And if her argument were to be accepted that that kind of information and belief lack of specificity could avoid the litigation act, then this court would be opening the door to a flood of claims where, at least out of the gate, plaintiffs would allege, upon information and belief, we think it's a small class. The other point that I think is important to address is the issue of dismissal without prejudice. There's no question at all that the class claims here and the federal claim were properly dismissed with prejudice. That's consistent. Is it binding on the people who would have been members of the class? As a class action, no. There's no certified class. There is no certified class. I do not believe that it would be, Your Honor. So those other folks, if they want to pursue claims, whether it's in court or in arbitration, are free to do so. I think that's correct. And if they pursue claims in court, then the defendant in whatever claim that is would move to compel arbitration and it would go from there. The court that has to rule on that motion would rule on the motion and it would just go from there. I think it could have been proper for the district court to dismiss Ms. Neal and Thomas's individual state law claims without prejudice if she had sought that relief and if she had preserved that issue for appeal. But she did not. She did not preserve the issue of the status of the dismissal at all. In fact, in our motion in the district court, we specifically argued that the dismissal should be with prejudice and we cited cases to that effect. The plaintiff did not even respond to that argument. She took no issue with our argument in that regard. Instead, she simply asked that the motion be denied and the case be remanded to state court. So she did not raise that argument below. And Federal Rule of Appellate Procedure 28A.5 requires an appellant to state in the appellant's brief a statement of the issues presented for review. In this court, she presented only one issue for review, which was whether the district court erred in finding that this case constituted a covered class action. She did not present as an issue whether the dismissal should have been with prejudice, frankly, until page 8 of her reply brief. I do not think she has preserved that issue for appeal. Except we've addressed that without being raised before many times. Yes, Your Honor, you have. I think it's important, though, to look at her argument on page 8 of her reply brief. She's not even asking the court that the dismissal of her individual claim be changed to without prejudice. Instead, she's really arguing that the dismissal of the class claims ought to be without prejudice and that she, or perhaps counsel, should be given the opportunity to join more named plaintiffs whom she could represent in a class of fewer than 50 members. So even now, she's suggesting that this court convert the dismissal into a without prejudice dismissal so she can file another class action, which I think runs right into the problem that Judge Hamilton identified. Nevertheless, why isn't dismissal without prejudice under these circumstances the proper approach in general? I understand your waiver or forfeiture argument, but in dealing with the Litigation Act more generally. The Litigation Act makes clear that a covered class action must be dismissed. She's not arguing that any of the other parameters in the Litigation Act don't apply here. So it's not a question of changing the factual allegations to add or omit factual allegations. Under the cases which we've cited in our brief, Balin v. Merrill Lynch, which was an Eleventh Circuit case, the Brown v. Colombo's case of this court, the Goldberg opinion of this court, and the Holtz case of this court, the class claims were properly dismissed with prejudice. I do think conceptually it was possible, had she raised it and preserved the issue, that her individual state law claims could properly have been dismissed without prejudice and she could have been allowed to try to proceed and we would have in fact moved to dismiss those claims on the basis of her failure to state a claim. The District Court denied that motion as moot because it dismissed all of the claims with prejudice. But frankly, that's why we moved to dismiss her individual claims, because conceptually they could have been treated separately. We do submit that the dismissal with prejudice was legally correct. It was not presented to the District Court that a plaintiff even sought a dismissal without prejudice. She foreclosed her own remedy. If the court has no other questions, we'll submit on the briefs. All right. Thank you, Ms. Clark. Thank you. Mr. Sheldon. I think I have a minute or two. Yeah, I'll add another minute. Thank you. I appreciate that. I do want to get back to Judge Hamilton's question about can we go back and get another class action based on state law if we have 50 persons in the class, less than 50 persons in the class. I refer you both to Judge Peterson's decision because that's what he says, but also I do refer you to page 23 of the appellee's brief. And I hate to read from a brief, but it's only a short piece. The existing body of case law makes clear that if this case were brought on behalf of a group of fewer than 50 named plaintiffs, it would not be deemed a covered class action, even if the group deliberately limited the number of named plaintiffs so as to fall below the 50-person threshold. So the appellees have said if we had originally filed this with less than 50 named persons, we would have been able to go forward as a class action under state law. No, they didn't say class. It wouldn't be a covered class. It would not have been deemed a covered class. But implicit in that is that if we had filed this because, again, if there was any intent on Section 1 was to treat these kinds of cases as class action. That's why they included the language, and this is very important, in Subsection 1, prospective class members. That section understood they were talking about classes, and that's why it is made superfluous by the interpretation made by Judge Peterson and the appellees that, in fact, Subsection 2 incorporates everything. It would have been easy for Congress to say covered class action means the following in Subsection 2. That would have covered everything. You wouldn't have had any 50-person threshold at all. And in the third section of the definition of covered class is, again, a threshold of 50. We've preserved our rights to have this case remanded at least with a dismissal without prejudice. Thank you, Your Honor. Ms. Blore, thanks to all counsel. Case is taken under advisement.